UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE WILHELM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY A. BEARD,<br><br>　　　　　Respondent. | No. 2:18-cv-00720-GGH<br><br><br>ORDER |

Petitioner filed a petition for a writ of habeas corpus, ECF No. 1, and a motion to proceed with his case in forma pauperis, ECF No. 2, on April 2, 2018. The court has examined the informa pauperis application and has determined that petitioner lacks the resources to pay the fees and costs associated with this action and will therefore grant the Motion.

*SCREENING*

Addressing IFP status does not end the court's inquiry, however. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Under the rules governing habeas corpus petitions, the court may summarily dismiss a habeas petition if the court finds that a petitioner is clearly not entitled to habeas corpus relief. Rules for § 2254 Cases, Rule 4.

1

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

*THE PETITION*

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. section 2254 as a prisoner in a state prison. That statute, however, speaks to a petitioner who challenges his incarceration due to a violation of his federal Constitutional rights and seeks release from said incarceration. Section 2254(a) makes this quite clear insofar as it states that ". . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody of a State court *only on the ground that he is in custody for violation of the Constitution of laws or treaties of the United States."* (Emphasis added.) Petitioner here, on the other hand, seeks to have this court address the failure of the prison in which he is incarcerated to provide him with required medical care or orders.

The factual presentation made by petitioner reflects that he suffers from an enlarged prostate which renders him unable to urinate on demand ,and in order to obey the order given him to submit to drug testing he sought to have a blood test as an alternative method of determining whether he was illegally using drugs. ECF No. 1 at 5. The doctor to whom the request was submitted denied the request which was also denied on appeal. Petitioner apparently alleges that this denial was arbitrary and capricious and denied him his right to proper medical care while incarcerated, id. at 6, which he further alleges as a denial of his rights under the Americans with Disabilities Act. Id. at 8. He seeks a mandate from this court ordering that the prison be allowed to satisfy drug testing through a blood test rather than a urine test. Id. at 16. Petitioner professes to have exhausted all alternative remedies through writs filed with the Fresno County Superior

////

Court, see id. at 49, Exhibit G,[1] the Fifth District Court of Appeal, id. at 51, Exhibit H, and the California Supreme Court, see id. at 66, Exhibit K, all of which were denied. He also appears to have exercised his administrative appeal rights within the institution as well. See id. at 37, Exhibit C.[2] However, California habeas corpus is broader in scope than federal habeas corpus, and may address certain prison conditions as well as the propriety of a conviction *per se*. See Inman v. Bright, 2016 WL 1427499 *6 and note 3 therein (N.D. Cal. 2016).

Thus the court will dismiss this federal habeas petition. While these facts do not qualify as an actionable habeas corpus petition, they may, however, qualify under some other means for relief.

It is possible that petitioner desires to bring a civil action to address his concerns; he may be attempting to bring suit against not just respondent, but also a doctor employed by the state. He may, therefore have a potential claim against this and perhaps other state officers pursuant to 42 U.S.C. section 1983. Further, petitioner has directly raised the Americans with Disabilities Act as a potential avenue for achieving the relief he seeks. Given the deference that must be given to pro se litigants as discussed above in the screening section of this Order, see Haines v. Kerner, supra, the court will here indulge this possibility.

A.  *42 U.S.C. section 1983*

Section 1983 provides:

> Every person who, under color of [state law] ... subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution ... shall be liable to the party injury in an action of law suit in equity, or other proper proceeding for redress.

The purpose of section 1983 is to give effect to the Fourteenth Amendment to the federal Constitution which states, in principal part that:

---

[1] Petitioner submitted several exhibits apparently seeking Judicial Notice of them for purposes of supporting his procedural history that were issued by courts or the prison. The court may adopt such documents pursuant to Federal Rule of Evidence 201(b)(2) insofar as they are from sources whose accuracy cannot reasonably be questioned.

[2] This document is independently judicially noticeable as coming from a State agency, and is accompanied by other documents in the same exhibit prepared by petitioner which may not be considered under the Rule.

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Thus, in order to state a claim under section 1983 the plaintiff must plead and prove (1) state action (2) which deprived him of a federal right or interest, and (3) this deprivation did not include constitutionally sufficient notice and an opportunity to be heard before the deprivation was complete. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982), i.e., he must describe conduct that allegedly caused deprivation of a federal right that can be fairly attributable to the state. American Mfrs. Mutual Ins. Co. v. Sullivan, 527 U.S. 40, 50 (1999); Cleveland v. Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). In other words, there must be action taken pursuant to state, or federal, law and significant state involvement in the action taken. Sullivan, supra, at 50, n.9.

The facts stated about governmental action in this complaint refer to a Dr. Singh, although there may well be other officials who petitioner may believe played a part in the denial of the right to sufficient health care that his petition has described. The presently named Respondent may also be a proper defendant if he specifically took part in the claimed offensive action or created a policy or course of conduct that fostered the action. Petitioner will therefore be given the option of repleading a civil claim under section 1983 if he so chooses.

B.     *Violation of the Americans with Disabilities Act ["ADA"].*

This Act focuses on discrimination in access to publicly available facilities, education transportation, communication, recreation, institutionalization, health services, voting ad access to public services and employment. 42 U.S.C. § 12101. Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.1997). To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such

4

exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinrich, 114 F.3d at 978. Petitioner may seek to replead this claim as well, but should note that the proper defendant here is the entity which allegedly violated his ADA rights.

C. *General Pleading Requirements*

If the petitioner elects to replead pursuant to section 1983 or the ADA, he should be apprised of the general pleading requirements for a civil action. Although pro se complaints are held to a less stringent standard than those drafted by lawyers, and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, he is still bound to adhere to the Federal Rules of Civil Procedure in making his claims.

Federal Rule of Civil Procedure 8 states the general pleading standard in federal courts. That Rule calls for three basic elements that must be included in the initial pleading:

(1) a short and plain statement of the grounds for the court's jurisdiction;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In addition to the foregoing, petitioner must identify how each of the defendants he names have violated the rights upon which his claim is predicated. The factual statement must be sufficient to give the defendant or defendants "fair notice" of their legal exposure and provide them with the facts that make them responsible for plaintiff's claimed injuries. Plaintiff must also, in pleading his claims demonstrate the elements of the statutes upon which he relies. See elements of section 1983, supra.

CONCLUSION

As stated above, Haines v. Kerner, supra, directs the courts to dismiss a pro se complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. This court finds possible ways that the injuries claimed by petitioner in his petition can be added to, refined, or amended to reflect a constitutional injury.

For this reason the court will permit one attempt to amend the petition, i.e., file a civil complaint, in conformity with the information provided in this Order.

In light of the foregoing IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is GRANTED;

2. Petitioner's habeas corpus complaint is dismissed with leave to amend to file a civil action complaint in conformity with the discussion above, within 45 days of the entry of this Order if petitioner so chooses. Failure to file the civil action complaint will result in a recommendation that the presently filed habeas petition be finally dismissed.

3. Upon filing the civil action, the court will issue a further IFP order;

4. This Order resolves ECF No. 2.

Dated: April 16, 2018

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE